**SWANSON–DEAN CORPORATION, Plaintiff-Appellant,**

v.

**SEATTLE DISTRICT COUNCIL OF CARPENTERS, Defendant-Appellee.**

**SEATTLE DISTRICT COUNCIL OF CARPENTERS, Plaintiff-Appellee,**

v.

**SWANSON–DEAN CORPORATION, Defendant-Appellant.**

Nos. 77–3891, 77–3892.

United States Court of Appeals, Ninth Circuit.

Argued April 9, 1980.

Submitted April 20, 1981.

Decided May 26, 1981.

---

Lyle L. Iversen, Lycette, Diamond & Sylvester, Seattle, Wash., for plaintiff-appellant.

Herman L. Wacker, Seattle, Wash., for defendant-appellee.

Before SKELTON,* Senior Judge, and GOODWIN and FERGUSON, Circuit Judges.

GOODWIN, Circuit Judge.

Swanson-Dean, a construction contractor, appeals from two orders which had the result of validating a challenged subcontracting clause in a collective bargaining agreement. We affirm.

In 77–3891, the district court granted the carpenter union's motion for summary judgment. This order dismissed Swanson-Dean's action to enjoin arbitration.

* The Honorable Byron G. Skelton, Senior Judge, United States Court of Claims, sitting by designation.

In 77–3892, the district court also granted the carpenter union's motion for summary judgment in the union's action for enforcement of the arbitrator's award. The award required Swanson-Dean to pay trust fund contributions for work subcontracted in violation of the subcontracting clause and enjoined Swanson-Dean from future violations of the subcontracting clause.

On April 9, 1980, we heard argument in this case but deferred submission pending an expected *en banc* decision in a number of consolidated appeals. Those cases were decided by this court *en banc* on April 17, 1981. The decision disposes of the major issues in the present case. *Pacific Northwest Chapter, etc., et al. v. N.L.R.B.,* Nos. 78–3468, 78–3469, 78–3487, 78–3619, 79–7011 (9th Cir. April 17, 1981).

Because we have now held that collective bargaining agreements in the construction industry may lawfully contain clauses which limit employers in their choice of subcontractors to those having agreements with the appropriate unions, there was no substantial defect in the challenged agreement in this case.

It also follows that because the agreement was valid the employer had no defense to the arbitration clause. The case was properly submitted to arbitration and the arbitration award is entitled to enforcement.

Affirmed.

SKELTON, Senior Judge.

I respectfully dissent for all of the reasons stated by Judges Sneed, Choy, Anderson and Farris in their dissenting opinions in *Pacific Northwest Chapter, etc., et al. v. N.L.R.B.,* Nos. 78–3468, 78–3469, 78–3487, 78–3619, and 79–7011 (9th Cir. April 17, 1981), which I adopt by reference. In addition, it is my opinion that the agreement was invalid and consequently the arbitration award should not be enforced. I would reverse the decision of the district court.